Argued and submitted January 23, reversed and remanded May 9, 1984

# STATE OF OREGON,
*Appellant,*

*v.*

# BALDOMERO GARCIA,
*Respondent.*

(81-2546; CA A28538)

680 P2d 704

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Helen I. Bloch, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals from a pretrial order that dismissed the charge against defendant because of the state's "delay in post-charge arrest." We reverse and remand for trial.

Defendant sold a guitar to a musician for $80. The musician estimated that the guitar was worth approximately $500 to $600. He later learned that the guitar had been stolen from a local band. He reported the matter to the police, who contacted defendant. Defendant admitted selling the guitar but claimed that he did not know that it had been stolen. Several days later, police arrested him and advised him of his *Miranda* rights. He admitted that he had knowingly purchased two stolen guitars from the occupants of a pickup truck in a tavern parking lot for $50 apiece. He was taken to jail, given a citation and released.

On December 9, 1981, defendant failed to appear in district court on the citation. Several days later he was indicted for theft in the first degree. In July, 1982, he was arrested in Texas on another matter. The Linn County district attorney was notified of his arrest, but defendant refused to waive extradition. The district attorney did not request that he be extradited to Oregon. Defendant returned to Oregon in the spring of 1983 and was arrested in Albany.

He moved to dismiss the case on the ground that

> "there was an unreasonable and excessive delay in bringing the defendant before the court to answer to the charge filed herein."

He based his motion on the state and federal constitutions[1] and the statutory speedy trial provision. ORS 135.747.[2] At the pretrial hearing defendant testified that the guitars he bought and then sold had been stolen by three men who, on the basis of a tip he gave police at the time he was cited, were arrested in

---

[1] Or Const, Art I, § 10; US Const, Amend XIV. Although those provisions are not identical, they do not involve substantially different analyses of speedy trial challenges. *State v. Ivory,* 278 Or 499, 504, 564 P2d 1039 (1977).

[2] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Cottage Grove in 1981. He also testified that, as far as he knew, two of them were presently in California and the third was in Mexico, as was another potential defense witness whose vehicle defendant had used to transport the stolen guitars. Defendant expressed the opinion that, if the thieves were available for his trial and if they would tell the truth, their testimony would be "helpful" to his defense.

The trial court granted defendant's motion to dismiss, noting that *State v. Ivory, supra* n 1, requires a defendant to show only a reasonable possibility of prejudice to his defense and that defendant had made such a showing in this case.

■ A speedy trial challenge[3] involves consideration of four factors: the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right and the prejudicial effect of the delay. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Ivory, supra.* The state concedes that the factors of length of the delay and timeliness of defendant's assertion of his rights favor defendant here. Accordingly, it is necessary only to analyze the reason for the delay and prejudice.

The reason for delay factor is neutral in this case. The state bears some responsibility, because it declined to extradite defendant after his arrest in Texas. However, defendant also bears part of the responsibility, because he failed to appear after he had been cited, choosing instead to leave the state. *See State v. Coffman,* 59 Or App 18, 23, 650 P2d 144 (1982).

■ ■ The flaw in defendant's speedy trial challenge, however, is his failure to establish prejudice. Although a defendant need only show that a delay creates a "reasonable possibility of prejudice" to his defense in order to have the case dismissed, *State v. Ivory, supra,* 290 Or at 90, he must at least show that the *state's* delay created that prejudice. In this case, defendant has made no such showing. Although he testified that certain witnesses whom he considers important

---

[3] In this case, defendant's speedy trial challenge appears to be based on constitutional grounds. Neither party's brief nor the trial judge refers to the statute. We reach the constitutional claim, because the statutory claim under ORS 135.747 provides a lesser remedy. *State v. Ivory, supra* n 1, 278 Or at 503.

for his defense are presently out of the state, he has made no showing that they are unavailable.[4] Furthermore, even if some of those witnesses are unavailable, he makes no showing that they are unavailable by reason of delay that is attributable to the state. If the witnesses became unavailable during the time after defendant absconded from Oregon (December, 1981) and before his arrest in Texas in July, 1982, then any prejudice to defendant's defense is attributable to him, not to the state.[5] Finally, even if the witnesses are unavailable because of the state's decision not to extradite him, defendant's mere assertion that their testimony might be "helpful" does not constitute a sufficient showing of possible prejudice in the light of his admission that he knew when he bought them that the guitars were stolen.

Reversed and remanded for trial.

---

[4] In fact, defendant indicated at the pretrial hearing that he knows the addresses of one or both of the potential witnesses reported to be in California.

[5] We note that the record before us indicates that the missing witnesses had probably left Oregon before defendant was indicted.